UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SEAN CHRISTOPHER CLEMMONS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:14-cv-00885-RDP-SGC |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

## ORDER

On November 2, 2015, the Magistrate Judge filed a Report and Recommendation recommending that the following claims be dismissed for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1): (1) Plaintiff's Eighth Amendment medical claims under *Bivens*[1] against Defendants Holbrook, Hernani, Paco, Dela Cruz, Marasigan, Hardy, Nurse Jane Doe, and John Doe Medical Services concerning Plaintiff's hemorrhoid condition; (2) Plaintiff's Eighth Amendment medical claims under *Bivens* against Defendants Rathman, Clay, Captain Davis, Lieutenant Davis, Orr, Bounds, Allor, Nelson, Stuart, and Daughtery concerning Plaintiff's hemorrhoid condition; (3) Plaintiff's Eighth Amendment medical claims under *Bivens* against Defendant Burrell concerning Plaintiff's dental care; and (4) Plaintiff's Eighth Amendment medical claims under *Bivens* concerning Plaintiff's eye care. (Doc. 45). The Magistrate Judge further recommended that Plaintiff's claims under the Federal Tort Claims Act ("FTCA") against the United States concerning Plaintiff's medical treatment for his hemorrhoids, dental treatment, and eye care, be referred to the Magistrate Judge for further proceedings. (*Id*.). Plaintiff filed objections to the Report and Recommendation on November 20, 2015. (Doc. 48).

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

Plaintiff first argues that he did not move to file a third amended complaint in this action. (Doc. 48 at 1). He states that he filed a motion to amend his complaint in a case pending before the Middle District of Pennsylvania, but the district court in Pennsylvania forwarded the motion to this court. (*Id.*). Notwithstanding Plaintiff's motion to amend, which was forwarded by the Middle District of Pennsylvania (Doc. 34), Plaintiff directly filed in this court affidavits and two amended complaints in which he alleged additional facts and claims (Docs. 9, 18, 25, 36). To avoid a piecemeal review of Plaintiff's claims, the Magistrate Judge ordered Plaintiff to file a third and final amended complaint and directed Plaintiff to include all of Plaintiff's claims in the final amended complaint. (Doc. 37). The Magistrate Judge advised Plaintiff that his final amended complaint should not refer back to the original complaint and the court would consider only the claims set forth in the final amended complaint. (*Id.* at 2). On August 26, 2015, Plaintiff filed a final amended complaint. (Doc. 40). Therefore, Plaintiff's third and final amended complaint (Doc. 40) is properly before the court.

Nevertheless, even now, Plaintiff moves to file another amended complaint "to name defendants concerning his claim of corrective eye surgery and any other defects within his complaints . . . ." (Doc. 48 at 1). To the extent Plaintiff moves to amend his complaint yet again, his motion is **DENIED**. Plaintiff has had more than sufficient opportunity to set forth his claims in this action.

Next, Plaintiff complains the Magistrate Judge failed to consider his claim that Defendant Hernani denied him medical treatment for his hemorrhoids from January 14 through January 17, 2012, because it was the Martin Luther King, Jr. holiday weekend. (Doc. 48 at 2-3). In Plaintiff's final amended complaint, he alleged only that the "MLP on duty" refused to treat him over the holiday weekend. (Doc. 40 at 1-2). He has not alleged that Defendant Hernani was the "MLP on duty." (Doc. 40 at 1-2). As such, Plaintiff has failed to specifically plead any

connection between Defendant Hernani and his claim that he was denied treatment from January 14 to January 17, 2012.[2]

Plaintiff further objects to the Magistrate Judge's conclusion that Plaintiff failed to sufficiently allege Defendants were deliberately indifferent to his hemorrhoid condition. (Doc. 48 at 2-7). Plaintiff stated that on January 17, 2012, Defendant Hernani conducted a visual examination of Plaintiff's rectum area through the food tray slot of the cell door; Hernani gave Plaintiff a small package of cream and told him he would also receive hemorrhoid medication the following day; and the pharmacist provided Plaintiff "generic" hemorrhoid suppositories the following day. (Doc. 40 at 1-2; Doc. 9 at 6). Plaintiff later indicated that the suppositories to treat his hemorrhoids and medication helped "somewhat by slowing the bleeding and eas[ing] the pain" but stated that his hemorrhoids did not shrink. (Doc. 40 at 8). On February 9, 2012, Plaintiff submitted an inmate request form to prison physician assistants in which he requested more hemorrhoid suppositories and complained that his hemorrhoids were still painful. (Doc. 40 at 13). At some point in February 2012, Plaintiff's hemorrhoids shrank so that he was "finally able to push them back up into [his] rectum." (Doc. 9 at 3).

Plaintiff fails to allege that the medical Defendants were deliberately indifferent to his hemorrhoid condition. Plaintiff does not allege that Defendants were aware of his medical condition and refused to treat him. Rather, Plaintiff appears to be displeased with the form of treatment administered.[3] However, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis and course of treatment [does not] support

---

[2] Plaintiff alleges in his final amended complaint that Hernani came to his cell on January 17, 2012, to examine his hemorrhoids. (Doc. 40 at 1). Plaintiff further complained to Hernani that he had been in segregation for three days without treatment. (*Id.* at 1-2). Plaintiff does not allege in his final amended complaint that Hernani was the MLP on duty who failed to treat him from January 14-17, 2012. (*Id.*).

[3] Indeed, Plaintiff goes to great lengths to explain that a "[s]itz bath" is the appropriate treatment for individuals with bleeding and protruding hemorrhoids. (Doc. 48 at 6). He opines that "[a]ll competent medical professionals" prescribe sitz baths. (*Id.*).

3

a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

As Plaintiff has alleged, the prescribed suppositories slowed his bleeding and eased his pain somewhat.  (Doc. 40 at 8, 13).  Moreover, Plaintiff has acknowledged under oath that his hemorrhoids did shrink in February 2012.  (Doc. 9 at 3).  Plaintiff has simply fallen far short of alleging that the treatment he received for his hemorrhoids was "so grossly incompetent, inadequate, or excessive as to shock the conscience."  *Adams v. Poag*, 61 F.3d 1537, 1544, 1545 (11th Cir. 1995) (whether governmental actors "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).  Even if the medical Defendants might be faulted for not prescribing alternative treatment, that would raise (at best) a question of possible negligence, not deliberate indifference.  A claim that medical staff has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff next objects to the dismissal of his Eighth Amendment medical claims against the non-medical Defendants, or BOP prison officials.  (Doc. 48 at 7-8).  Plaintiff has not alleged that the named prison officials were personally involved in his medical care.  Instead, he merely claims the prison officials failed to respond to his written requests for medical treatment pursuant to prison policy.  (Doc. 48 at 7).  Because Plaintiff has not sufficiently alleged that the medical Defendants were deliberately indifferent to his serious medical needs, his medical claims against those officials based on the same allegations necessarily fail.  Moreover, a defendant's violation of a prison policy does not, in and of itself, rise to the level of a constitutional violation.  *See*

*Sandin v. Connor*, 515 U.S. 472, 481-82 (1995) (prison regulations are not intended to confer rights or benefits on inmates but are merely designed to guide correctional officials in the administration of prisons); *see Al-Amin v. Smith*, 511 F.3d 1317, 1336 n.37 (11th Cir. 2008) (prison "regulations themselves do not constitute constitutional law").

Finally, Plaintiff objects to the dismissal of his Eighth Amendment claims against Defendant Burrell concerning his dental care.  (Doc. 48 at 8-9).  The Magistrate Judge found that Plaintiff alleged only that Defendant Burrell failed to treat Plaintiff for a dental cavity, which did not constitute a serious medical need.  (Doc. 45 at 11-12).  Plaintiff argues that he alleged in his original and second amended complaints that he also experienced "medical symptoms due to problems from his cavity."  (Doc. 48 at 8).  While Plaintiff did allege in his original and second amended complaints that he experienced swollen gums, difficulty eating, and difficulty sleeping due to pain in his upper right tooth (Doc. 1 at 15; Doc. 36 at 14), Plaintiff failed to make these allegations in his final amended complaint (Doc. 40).  Plaintiff stated only in his final amended complaint that he was "subjected to cruel and unusual punishment by Dentist Burrell by refusing to give [him] medical treatment for a hole in [his] upper right tooth."  (Doc. 40 at 4, 7).

As stated previously, when the Magistrate Judge ordered Plaintiff to file a final amended complaint, she notified Plaintiff that it should not refer back to the original complaint.  (Doc. 37 at 2).  The Magistrate Judge further informed Plaintiff that the "court [would] consider **only** the claims set forth in the final amended complaint."  (*Id.*) (emphasis in original).  Because the final amended complaint omitted earlier allegations regarding Plaintiff's dental problems, the Magistrate Judge correctly concluded Plaintiff did not allege a resulting serious medical need.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court is of the opinion that the Magistrate Judge's Report is due to be and is hereby **ADOPTED** and the Magistrate

Judge's recommendation is **ACCEPTED**.  It is therefore **ORDERED** that Plaintiff's claims under *Bivens* concerning his hemorrhoid condition, dental treatment, and eye care are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  It is further **ORDERED** that Plaintiff's FTCA claims against the United States of America concerning his medical treatment for his hemorrhoid condition, dental treatment, and eye care are **REFERRED** to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this January 6, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE